**SHOU LI, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

**No. 08–1600–ag.**

United States Court of Appeals, Second Circuit.

Aug. 6, 2009.

Theodore N. Cox, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Greg D. Mack, Senior Litigation Counsel, Corey L. Farrell, Attorney, Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington, D.C., for Respondent.

\* Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case. Fed. R.App. P. 43(c)(2).

**116**

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Shou Li, a native and citizen of the People's Republic of China, seeks review of the March 20, 2008 order of the BIA denying his motion to reopen and to file a successive asylum application. *In re Shou Li,* No. A073 531 911 (B.I.A. Mar. 20, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Li's untimely motion to reopen or in finding him ineligible to file a successive asylum application.

█ We have previously reviewed the BIA's consideration of evidence similar to that which Li provided with his untimely and numerically barred motion, and have found no error in the BIA's conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. *See Jian Hui Shao,* 546 F.3d at 171 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"). Li fails to identify any evidence in the record to rebut the BIA's conclusion that the evidence he submitted, including the Village Committee Notice, fails to establish that the Chinese government would employ sanctions amounting to persecution for his alleged violation of the family planning policy. *See id.* at 169–73.

The BIA reasonably found based on this record that the Chinese government does not physically compel sterilization but rather seeks to secure compliance with its family planning goals by imposing economic and social sanctions as an alternative to sterilization, and that such sanctions do not rise to the level of persecution. *See id.* at 164(finding that the BIA reasonably concluded that the economic rewards and penalties used to implement the family planning policy in Fujian Province did not necessarily amount to "physical or mental coercion"). While we have recognized that, in some circumstances, "severe economic penalties could be as effective as physical pressure in forcing an involuntary sterilization," the record evidence in this case did not compel the BIA to find a reasonable possibility of the imposition of penalties amounting to economic persecution upon the petitioner's return to China. *Id.* at 161–62.

█ Li's challenges to the BIA's denial of his motion to file a successive asylum application are foreclosed by *Yuen Jin v. Mukasey,* 538 F.3d 143 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).